UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SALAS, CDCR No. AT-8924<br><br>                              Plaintiff,<br><br>v.<br><br>SAN DIEGO JAIL MEDICAL STAFF;<br>R.N. SALGADO,<br><br>                              Defendant. | Case No. 16-cv-0064-BAS-JMA<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM** |

**I.    PROCEDURAL HISTORY**

On January 4, 2016, Larry Salas ("Plaintiff"), currently incarcerated at the California Rehabilitation Center located in Norco, California, and proceeding pro se, filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (ECF No. 1).  Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he filed two Motions to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Nos. 3, 5).  This Court GRANTED Plaintiff's Motions and sua sponte DISMISSED his Complaint for failing to state a claim upon which relief could

1

be granted pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A. (ECF No. 6.) Plaintiff was granted leave to file an amended complaint in order to correct the deficiencies of pleading identified in the Court's Order. (*Id.*) On April 15, 2016, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 7.) Once again, the Court found that Plaintiff had failed to state a claim upon which relief could be granted and DISMISSED his FAC. (ECF No. 8.) Plaintiff was given one final opportunity to amend his pleading. (*Id.*) On May 25, 2016, Plaintiff filed his Second Amended Complaint ("SAC"). (ECF No. 9.)

## II.     SUA SPONTE SCREENING PER 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A.     Standard of Review

As the Court stated in its previous Orders, notwithstanding Plaintiff's IFP status or the payment of any filing fees, the Prison Litigation Reform Act ("PLRA") requires the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss any complaint, or any portion of a complaint, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether

1  a complaint states a plausible claim for relief [is] . . . a context-specific task that requires
2  the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere
3  possibility of misconduct" falls short of meeting this plausibility standard. *Id.; see also*
4  *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

5    "When there are well-pleaded factual allegations, a court should assume their
6  veracity, and then determine whether they plausibly give rise to an entitlement to relief."
7  *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)
8  ("[W]hen determining whether a complaint states a claim, a court must accept as true all
9  allegations of material fact and must construe those facts in the light most favorable to
10 the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that
11 § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

12    However, while the court "ha[s] an obligation where the petitioner is pro se,
13 particularly in civil rights cases, to construe the pleadings liberally and to afford the
14 petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n. 7 (9th Cir.
15 2010) (*citing Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985)), it may not
16 "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of*
17 *the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and
18 conclusory allegations of official participation in civil rights violations" are simply not
19 "sufficient to withstand a motion to dismiss." *Id.*

20    **B.    42 U.S.C. § 1983**

21    "Section 1983 creates a private right of action against individuals who, acting
22 under color of state law, violate federal constitutional or statutory rights." *Devereaux v.*
23 *Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of
24 substantive rights, but merely provides a method for vindicating federal rights elsewhere
25 conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks
26 and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1)

27
28

deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### C. Due Process Claim

In his SAC, Plaintiff has added a "due process" claim that he did not raise in his previous filings. *See* SAC at 3. In this claim, Plaintiff alleges that Defendant "John Doe Sheriff Deputy assumed Plaintiff was arguing and spitting on the nurse" and transferred him to Administrative Segregation ("ad-seg") even though "no rules were broken by Plaintiff and he shouldn't have been transferred to [ad-seg]." (SAC at 3.)

The Due Process Clause protects prisoners against deprivation or restraint of "a protected liberty interest" and "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)) (internal quotation marks omitted). Although assessing the level of hardship involves a case-specific inquiry, courts look to:

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ramirez,* 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486-87). Only if an inmate has alleged facts sufficient to show a protected liberty interest does the court next consider "whether the procedures used to deprive that liberty satisfied Due Process." *Ramirez,* 334 F.3d at 860.

As currently pleaded, Plaintiff's SAC fails to allege facts which show that any disciplinary punishment he faced subjected him to any "atypical and significant hardship in relation to the ordinary incidents of prison life." *Id.*; *Sandin*, 515 U.S. at 584. Plaintiff

does not compare the conditions of his confinement before or after placement in ad-seg. Nor does he clearly allege the duration of his placement in ad-seg, or the degree of restraint it imposed. *Ramirez*, 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486-87).

The Court finds that Plaintiff's SAC contains no "factual content that allows the court to draw the reasonable inference," *Iqbal*, 556 U.S. at 678, that the Defendant's actions "presented a dramatic departure from the basic conditions of [Plaintiff's] indeterminate sentence," or caused him to suffer an "atypical" or "significant hardship." *Sandin*, 515 U.S. at 584-85. Therefore, Plaintiff's Fourteenth Amendment due process claims are DISMISSED from this action for failing to state a claim upon which relief may be granted.

### D. Medical Care Claims

Plaintiff alleges that at the time he was booked in the San Diego County Jail on July 2, 2015, he was having "heroin addiction withdrawal symptoms" which included "fever, in/out consciousness, dizziness." (SAC at 6.) He claims that he "requested medical attention" from Defendant Salgado who denied his request for treatment of his withdrawal symptoms. (*Id.*) Plaintiff alleges that he did not receive medical attention for his withdrawal symptoms until July 15, 2015. (*Id.*)

As the Court previously informed Plaintiff, prison officials are liable only if they are deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). For now, the Court will assume that Plaintiff has alleged facts sufficient to show that he had medical needs that were objectively serious. *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991) (defining a "serious medical need" as one which the "failure to treat . . . could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) (citing *Estelle*, 429 U.S. at 104); *Iqbal*, 556 U.S. at 678 ("[A] complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Twombly*, 550 U.S. at 570). The "existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *McGuckin*, 974 F.3d at 1059-60.

Even assuming Plaintiff had serious medical needs, however, Plaintiff's SAC does not support a "reasonable inference that [any individual] defendant" acted with deliberate indifference to his plight. *Iqbal*, 556 U.S. at 678. "In order to show deliberate indifference, an inmate must allege sufficient facts to indicate that prison officials acted with a culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 302 (1991). The indifference to medical needs also must be substantial—inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. *Estelle*, 429 U.S. at 106; *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) ("Deliberate indifference is a high legal standard.") (citing *Hallett v. Morgan*, 296 F.3d 732, 1204 (9th Cir. 2002)).

Here, Plaintiff alleges that Defendant Salgado denied him treatment on one day. He does not allege facts to show that she was responsible for the alleged delay in treatment from July 2, 2015 to July 15, 2015. Moreover, as the Court informed Plaintiff in the previous Orders, even if there was a delay in receiving medication, delays do not by themselves show deliberate indifference, unless the delay is alleged to be harmful. *See McGuckin*, 974 F.2d at 1060; *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). Again, Plaintiff's SAC is devoid of any facts to describe how the alleged delay caused him actual harm. Without more, Plaintiff's SAC amounts only to "unadorned, the defendant[s]-unlawfully-harmed-me accusation[s]," which "stop[] short of the line between possibility and plausibility of 'entitlement to relief'" as to any

purported medical care claim. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

For all these reasons, the Court finds that Plaintiff has failed to state a plausible claim for relief against any person subject to suit pursuant to 42 U.S.C. § 1983. *Id.* Therefore, his SAC is subject to sua sponte dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See* 28 U.S.C. § 1915(e)(2); § 1915A(b); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

Because Plaintiff has failed to correct the deficiencies of his pleading despite being given several opportunities to do so, the Court dismisses all of Plaintiff's deliberate indifference to serious medical needs claims without leave to amend. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

However, the Court will permit Plaintiff leave to amend his newly added due process claims as he has not been previously provided with the notice of the deficiencies of these claims. However, Plaintiff is cautioned that if he chooses to file an amended pleading, he may not raise any new claims.

### III. CONCLUSION & ORDER

For the foregoing reasons, the Court:

1. **DISMISSES** Plaintiff's Second Amended Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file a Third Amended Complaint which cures all the deficiencies of pleading with regard to his due process claim.

7

Plaintiff's Third Amended Complaint must be complete in itself without reference to his previous pleadings. Defendants not named and any claims not re-alleged in the Third Amended Complaint will be considered waived. *See* Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

    2.    **DIRECTS** the Clerk of Court to mail to Plaintiff, together with this Order, a blank copy of the Court's form "Complaint under the Civil Rights Act, 42 U.S.C. § 1983" for his use in amending.

**IT IS SO ORDERED.**

DATED: August 2, 2016

*[Signature]*
Hon. Cynthia Bashant
United States District Judge

8

16cv0064